And we will move on. We have one separate argument, State of Nevada v. KalshiEX, case number 26-1304. Good morning, and may it please the Court. Jessica Whalen, Chief Deputy Solicitor General, here on behalf of the Nevada Gaming Control Board. In February of this year, the Nevada Gaming Control Board filed a civil enforcement action in state court against Kalshi. Am I mixed up? So shouldn't appellant be arguing first? There was actually some confusion on this, but the listing had her listed first, and so we were... Sure. So we filed a motion to dismiss the appeal. Oh, so we're going to hear from the motion to this. Okay. You're okay with this? Well, I'll be honest. No, we would have preferred to go first. We took the court to be telling us that we... No. Okay. And if the court would like to hear from appellant first, that's fine. Why don't we do this? Why don't we back up? The normal course, you're right, it's a little confusing because of the motion to dismiss. But let's have appellant argue first. They can save for rebuttal. No, you didn't do anything wrong, but generally appellant will argue first. It is not always reflected as the first person listed on the thing. So thank you. May it please the court, Colleen Sinzdak for defendant appellant Kalshi. Kalshi is entitled to a stay pending appeal of the remand order in this case, which has created an intolerable risk of inconsistent state and federal judgments regarding Nevada's ability to enforce its state laws against a federally registered exchange. This court has subject matter jurisdiction over the appeal under section 1447 D, because Kalshi's notice of removal both cited section 1442 and explained why federal officer removal was appropriate under the artful pleading doctrine. That is all that is required under Friedenberg, Blumberger and BP itself. Kalshi has also more than satisfied the requirements for a stay. Serious questions on the merits and a balance of hardship, hardships that tilt sharply in Kalshi's favor. Counsel, are there other examples in a remand motion like this? I mean, first of all, it's very difficult to get an appeal of a remand motion. Are there other examples where stays pending appeal have been granted in similar circumstances? The circumstances here are sort of completely, I would say, we haven't found anything unique. Thank you. We haven't found anything like it. I would say I think that they were expressly contemplated in express scripts, because when express scripts rejected the argument that Coinbase required automatic stays in all circumstances, it then applied the stay factors and it said, we don't think a stay is appropriate here because there's no risk of inconsistent state and federal determinations. And of course, here, I think we have one of perhaps the rare circumstances where you do have a very high risk of inconsistent state and federal determinations. One of the questions I had about that, there's been other remand motions in other courts and some of them weren't even appealed. Some of them weren't requested for a stay pending appeal. I presume state enforcement actions are already going on in certain states. Is that true? Can you inform the court about any of that? So there are state court enforcement actions going on in some of the states. But but for the most part, we've been successful in ensuring that there are not this risk of state and federal federal actions at the same time. So I think Arizona is a really good example of that because there it's a little bit like this case in that we filed our motion for preliminary injunction. Then Arizona came in to bring a criminal prosecution against Kelshi. And then we immediately were able to get, with the assistance of the CFTC, a TRO to prevent those state court proceedings from going forward, because I think there was a recognition on the part of the district court that that would be completely inappropriate in these kinds of circumstances. So I also want to refer you and I should have said this to the Georgia gambling addicts case, which is an example of the state court say pardon me, a federal court saying that there needs to be a there needs to be just a removal in circumstances similar to this to prevent the parallel state and federal proceedings. And because there are federal questions on the face of the of the well pleaded complaint. So I think the body of case law is moving to it does does demonstrate that what we really need to avoid here is having a state and a federal court considering exactly the same issue at exactly the same time and potentially reaching different outcomes. So I think that's kind of the zeitgeist, maybe to get into the specific, how does that work out doctrinally? I think there is a pellet jurisdiction here because Kelshi invoked 1442. And we know that under BP, what this court has a pellet jurisdiction so long as Kelshi both cited and cited 1442. And here we also explained exactly why. Can you tell me what you're meant because then you went back and amended. Help me understand the amendment. You did not. I mean, you cited 1442 in the original. So what was the amendment necessary? We did. Let me be very clear. We did not think the amendment was necessary. We were very clear all along that are our notice of appeal. Our original notice of appeal was sufficient because it invoked 1442. And not only that, the state responded to our 1442 argument. The district court expressly addressed it. It refers to us having three grounds for removal based on our original all based on our original notice of appeal. But what happened is that finally once we actually said now we're going to appeal, that's when the state said, oh, no, you actually you didn't invoke 1442 because it wasn't in the first line of your notice of appeal. And we said, OK, there is no first line rule. It's not. You know, you have to cite it. But but but it doesn't have to be in that very first sentence. But if you think there's a first line rule, we will just take advantage of the fact that every court has recognized you have 30 days to amend your notice of appeal. So we said, fine, we will we will amend our notice of appeal and put it in that first line. But really, that's that's what was going on. We did not think that this was necessary. Now, we do think that that the district court should have accepted that amendment, but we just don't think that anything turns on that because the case law is so clear from Friedenberg and Blumberger and again BP itself. Does your argument depend on you make the argument that the CFTC was a required party? That's right. Does your ability to win on this depend upon that argument? If we reject that, is there another basis for you to to prevail? Yes. And here it's important to distinguish between two things. There is federal federal appellate jurisdiction here because we invoked 1442. And that's our the CFTC is a necessary party argument. We think we're right on that. But even if you disagree with us under both Blumberger, it may be adding an error there. But yes, Blumberger and BP, it's clear that even if the argument is just is actually BP says even if the argument is frivolous, there's still appellate jurisdiction to review the removal order as a whole. And here we made two arguments on appeal, both the federal removal jurisdiction and federal question jurisdiction, because two of the state laws that the state is pressing against us expressly invoke the federal registration and licensure laws. And so we think those put a federal question at issue right on the face of the complaint. And I'm happy to go into to that argument, which I think is also crystal clear. Again, that's that's the Georgia gambling addicts case. It's just saying that we're a state law is is saying you violate this law. If you don't have the licenses required by federal, state and local law, then you have to look to federal, state and local law to see if you violated that particular statute. And so here we think we didn't violate it because federal law says you have to register on the exchange and then there's exclusive jurisdiction. So we think that's that's clear. But again, we don't have to win on that. The point is, a court is going to have to confront that argument to decide whether the Nevada the pardon me, Nevada state laws apply to Cal sheet here. So, you know, just just to make it clear, a perfectly reasonable way of this court kind of getting through is to say here there was the Kelsey invoked section 1442 in its notice of appeal. They explained the basis for it. That provides jurisdiction under under 1447 D. We were under BP. We review with the entire order. Kelsey has explained correctly that under Grebel, there is a federal question jurisdiction because Nevada, Nevada state law expressly invokes the federal licensure regimes. And most important, the balance of harms tips dramatically towards Cal. She here and it's not just towards Cal. She it's honestly towards the public interest because we do have an intolerable risk of inconsistent judgments without a say pending appeal here without preventing the removal order. Pardon me, the state proceedings from going forward. The state court is going to issue a preliminary injunction against Kelsey tomorrow. So it's actually going to be tomorrow. There will be a preliminary injunction from the Nevada state court. And that is wild. This court will be considering whether Nevada even has the authority to be pressing those laws. Are there any other preliminary injunctions by other state courts at this point? They're just sorry. Trying to go through.  Currently, you know, I need to check. Let me get back to you on that. Do you want to take some time for a bottle? And I do. I do. And then maybe I will answer exactly that question. I'm virtually positive there are, but I certainly don't want to bind us to any injunctions that don't exist. Thank you very much. Thank you. Thank you. Good morning again. I want to talk about the motion to stay and the motion to dismiss in tandem, because I think my friend on the other side got a little bit into the merits of the appeal, which we haven't had an opportunity to brief. So here we're only on the motion to stay and the motion to dismiss. And when we look at the neck and factors and whether there's a likelihood of success that warrants a motion to stay, we need to look at whether there's a likelihood of success on the remand appeal itself, not the underlying merits of the remand appeal. And here,  she is not likely to succeed on overturning the district court's remand decision because there's no appellate jurisdiction that is vested in this court. So that brings me to the motion to dismiss. Judge Nelson, as you noted, pursuant to 28 U.S.C. 1447D, remand orders are generally not reviewable on appeal with a narrow exception when a defendant has invoked federal officer jurisdiction under Section 1442. And a defendant seeking to invoke federal officer jurisdiction under that section must do two things in its notice of removal. First, it must assert that the case is removable in accordance with or by reason of Section 1442. That comes from the U.S. Supreme Court's decision in BP PLC. Second, the defendant must provide sufficient facts to make out a claim for federal officer removal. And that comes from this court's 2023 decision in Freudenberg. Now, while detailed factual allegations are not required, a defendant cannot rest on mere legal conclusions. And Calshi's notice of removal failed to satisfy either of these requirements, and therefore it did not invoke the court's subject matter jurisdiction. So its notice of removal does not actually allege that the case is removable under 1442. Rather, the notice states that Calshi, quote, hereby removes the above caption action pursuant to 28 U.S.C. Sections 1331 and 1441. Now, my friend on the other side characterized us as requiring that they mention 1442 in sort of the first sentence of the removal action. Or, I'm sorry, the removal notice. And that's not at all what the state thinks is required. But what the state thinks is required is more than what Calshi did. Because Calshi later asserts that the board should have named the CFTC in its enforcement action. And, quote, had they done so, that would have provided yet another basis for removal. The words Calshi chose and the way it chose to frame its removal notice are fatal to its argument that it actually invoked 1442. It uses the conditional tense and the subjunctive mood to express a hypothetical scenario. So the amendment cured that up. And in the amendment, they've said, no, we are actually bringing this under 1442 as well. So I think the amendment was a recognition that there was a defect in the original notice. But the defect is curable, right? The district court found not. So the district court, when it denied Calshi's motion to stay, sua sponte struck the amended notice because what happened is the district court initially remanded the action back to state court. It recalled its remand notice for the limited purpose of considering Calshi's motion to stay. It did not recall its remand notice for the purpose of allowing Calshi to amend its notice of removal. So under the district court's reasoning and the district court in that order. And then if we were to consider the amendment or say that we thought that the original actually raised the issue, would that give us jurisdiction or not necessarily? Because they would be then arguing that the CFTC was a necessary party. So that could be a basis for appellate jurisdiction. But then we just have to address whether they're right on that point, wouldn't we? I don't think so. And I think that the proper way to go about this would have been if Calshi believed that the CFTC was a necessary party, then it had a mechanism under state procedural law under NRCP 19 and NRS to join them as a necessary party. And then at that point, the CFTC, if they were successful in joining them, the CFTC itself would have had a right to remove. But Calshi, even in that circumstance, wouldn't have had a right to remove. If the CFTC as the federal agency had chosen to remove, Calshi would have been brought along with it. But it still wouldn't have given Calshi itself a right to remove. And to put a finer point on that, one thing that Calshi also could have done is what one of its fellow prediction markets, Polly Market, did in a similar state enforcement action brought by the board, which is Polly Market removed the case claiming that it was acting under a federal officer pursuant to Section 1442, thereby giving it the right to remove the action. We think that that argument is meritless, of course, but frivolous or not, it actually invoked Section 1442 removal and the state's not contesting appellate jurisdiction in that case. Interestingly, Polly Market filed its notice of removal first, making that argument. So Calshi was on notice that that was an argument it could have made. It made a tactical decision not to advance that argument, and it should be held to its litigation decisions in that respect. So what is the current status? Council represented that tomorrow. I didn't know if that meant if we deny their appeal, then the next day the state court is going to issue a TRO, or is the state court scheduled to enter a TRO or a PI tomorrow? So the state court has already issued a TRO. The TRO is in effect or was extended for an additional 14 days because there was a preliminary injunction hearing. The state court judge from the bench ruled that it was going to grant the preliminary injunction, and under our sort of our state procedure, the parties work out a proposed order to the court. So right now, Calshi and the board are in the process of working out that order. We have a deadline of tomorrow. Calshi right now is prohibited from using its contracts in the gaming industry in Nevada. Is that right? They're under a TRO not to do that?  So the scope of the TRO is Calshi is prohibited from offering sports, election, and entertainment-related event contracts in the state of Nevada, and the preliminary injunction is expected. So our deadline is to get the court a proposed order by tomorrow. We've had conversations among counsel, and we're going to ask for a one-week extension and extend the TRO by consent until the time at which the state court judge enters the preliminary injunction. I do want to briefly speak about the second requirement that the Friedenberg court summarized, which is that the defendant must plead in its removal notice that it is first a person within the meaning of the statute, second, a causal nexus exists between the plaintiff's claims and the actions it took. So stated differently, the defendant has to show that it acted under color of federal office, and third, that it has a colorable defense to plaintiff's claims. So here, Calshi fails to establish that there's a causal nexus between the board's claims and any action it took pursuant to a federal officer's direction. The only two paragraphs in its removal notice, paragraphs 26 and 27, don't even attempt to allege that Calshi was acting pursuant to the CFTC's direction. Instead, the focus is on the hypothetical possibility that the CFTC might have removed the action if the board had named it as defendant. And this is much different than the removal notice in Friedenberg, which asserted that hospital employees were deemed federal employees for immunity purposes, bringing them within the scope of federal officer removal. So I think the key point here is that federal officer jurisdiction was not actually invoked. You have to have some theory by which you're either a federal officer or acting under a federal officer, and Calshi's theory is much too far removed from that. It's conditional, it's hypothetical, it's counterfactual, and it in fact admits that no federal officer jurisdiction exists because something else would have had to happen as a prerequisite for that to occur. With that, we think the appeal should be dismissed for lack of subject matter jurisdiction. Thank you for your argument. Thank you. We'll give you time for rebuttal. Thank you, Your Honor, and I've clarified the state of play with respect to injunctions. There is no other injunction in force against Calshi anywhere in the country. There is in Nevada, or at least a TRO. Well, there's a TRO, and let me just clarify one thing because I think it's important. Massachusetts, the state, did in fact issue a PI, but it was stayed pending appeal precisely because of the significance of issuing injunctive relief of this kind. Was that stay pending appeal of the underlying merits, the arguments we just heard, or of an appeal of a remand order? No, it's an appeal of the preliminary, pardon me, a state court appeal of the preliminary injunction order. I want to be clear, though, that it's significant here, the fact that there has been no other order against Calshi, both because, as we've been talking about, the risk of conflicting state and federal court determinations, but also because the CFTC has an impartial access rule. And that says that Calshi needs to be offering the same things nationwide. But right now, Calshi is violating that rule because in Nevada, under Nevada state laws, you can only practice actually within Nevada, within the state itself. And right now, Calshi is not allowed to do any exchange activity in Nevada itself under the TRO. So Calshi is currently in violation of a federal regulation as a result of a state. Because you are offering it, just not in Nevada. Nationwide. We just can't offer it in Nevada itself. And, of course, under the Commerce Clause, which gives the ability to regulate interstate commerce exclusively to Congress, Nevada really can't insist that we adhere to their law by shutting down nationwide. That would be wildly inappropriate. I also just want to be clear that we did invoke Section 1442. I now take the state to be arguing we should have made what we did not view as a meritorious argument, and Nevada doesn't view as a meritorious argument that we are ourselves acting under a director or something like that. What we argued is that Nevada engaged in artful pleading by leaving out the CFTC, even though they are a necessary party, in part because the injunction is currently forcing us to violate the CFTC's impartial access regulation. And we said because of that, there is federal officer removal. And I just again want to emphasize that we really do ask this court to consider the strong equities favoring the issuance of a stay pending appeal as quickly as possible. Nevada is correct that we have now agreed to a one week to extend, but there's about to be a preliminary injunction in place. As to all event contracts is a possibility. So we want to be, we were very anxious for a leave from this court. Thank you. Thank you. Thank you to counsel for your arguments. In this case, the case is now submitted and that concludes our arguments for the week. Thank you.
judges: NELSON, BADE, LEE